■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD PAUL LILLER, Appellant.— *Per Curiam.* This is an appeal from an order of the County Court of Schuyler County, entered June 1, 1971, which denied, without a hearing, a motion to vacate a judgment convicting defendant of rape in the first degree. On September 9, 1969 appellant was indicted for (1) first degree rape; (2) first degree sexual abuse; (3) sexual misconduct. On September 19, appellant, appearing with the attorney who then represented him, pleaded not guilty. On February 14, 1970, appellant appeared with a different attorney who moved that the defendant plead guilty to the rape count in full satisfaction of all three counts in the indictment. Appellant was advised that he was surrendering his right to trial and other rights, and he was asked if any promise had been made as to what the sentence would be, to which he responded in the negative. Thereupon, the guilty plea to first degree rape was entered. The Schuyler County Probation Department was directed to report to the court on the defendant's record, which it did. On March 6, 1970 appellant was sentenced to an indeterminate term of not more than eight and one-third years at Attica. Defense counsel in these prior proceedings was retained by or on behalf of the defendant. After three prior *coram nobis* applications on grounds unrelated to the basis of the petition here, all of which were denied, appellant, on April 28, 1971, submitted the present petition, which alleged that he had been advised by his attorney that upon a guilty plea he would receive lenient treatment from the court; that immediately prior to sentencing, his attorney told him he would receive a five year sentence; and that appellant had denied that any promise had been made because he had been so instructed by his attorney. Appellant alleged that the imposition of the eight and one-third year sentence left him too shocked to make objection. Respondent District Attorney, in his answering affidavit, submitted an affidavit from the defense attorney in which he denies ever· having told appellant he would receive lenient treatment or a five year sentence on a guilty plea, denies having instructed him how to respond to questions from the bench as to whether promises had been made to him, and denies that any promises had been made to him, and denies that any promises had been made by the court, the District Attorney, or himself to induce appellant to plead guilty. The defense attorney also affirmatively averred that he had advised appellant of his willingness to try the matter but that in view of the available evidence, a guilty verdict was possible. The County Court noted that appellant had not submitted any supporting affidavit from his attorney corroborating his assertion, and, therefore, found that under *People* v. *Scott* (10 N Y 2d 380), he had not shown enough to entitle him to a hearing. The County Court apparently did not consider the effects, if any, of the affidavit voluntarily submitted by the District Attorney which, of course, places the present appeal in a different perspective than that of *People* v. *Scott* (*supra*), where there was no possibility of a factual issue. We need not, however, decide

the issue as on the present record the appellant is not entitled to a separate hearing. The appellant's brief notes that he had been convicted for a prior crime of forcible rape, however, it appears that such conviction was reversed by the Court of Appeals because of evidentiary errors in the trial record. (See *People* v. *Liller,* 26 A D 2d 983, revd. 20 N Y 2d 727.) The conviction now being attacked by the appellant is the result of a subsequent indictment for a sex crime. The appellant protests that he stood mute when the allegedly higher sentence was imposed because he was " shocked ". It is apparent, however, that he was familiar with criminal courts and their processes before the sentencing on this particular occasion. He took no appeal from his judgment of conviction and waited more than a year to allege the fraudulent conduct on the part of his retained attorney which rendered him speechless at sentencing, but which conduct was not mentioned in his three prior *coram nobis* applications. Furthermore, the appellant does not allege that there was any promise on the part of the court or the District Attorney's office upon which he relied. (See *People* v. *Scott,* 10 N Y 2d 380, *supra.*) The trial court could have imposed a maximum sentence of twenty-five years for this admitted crime (Penal Law, § 70.00, subd. 2, par. [b]) but, instead, imposed only eight and one-third years. It is certain that the sentence was lenient. The appellant's contention that his sentence was excessive (in terms of the alleged promise) lacks sufficient substance upon this record to warrant a hearing. Insofar as a promise of leniency is concerned, the record amply demonstrates that the sentence was lenient and to that extent this would not be an unreasonable plea bargained case. The bare allegation of the appellant that there was a broken promise as to the length of sentence, as opposed to his unexcused delay in presenting such an allegation to the courts, and without *any* supporting offers of proof as to his failure to promptly complain, is not sufficient to raise any question as to the propriety of his sentence and/or conviction. The contention that an obviously lenient sentence was supposed to have been more lenient does not upon its face indicate a probable irregularity in the trial court proceedings. The order should be affirmed. Herlihy, P. J., Staley, Jr., Greenblott, Simons and Reynolds, JJ., concur. Order affirmed.